IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:25-cv-347-ECM |
| | ) | [WO] |
| JASON T. HOLLADAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On May 5, 2025, Nutrien Ag Solutions, Inc. (the "Plaintiff") filed suit against JT
Holladay Farms, LLC ("Holladay Farms") and its two members, Jason T. Holladay
("Jason") and Ashey S. Holladay ("Ashley"), (collectively, the "Defendants") related to
unpaid debts for goods and services. (*See* doc. 1 at 2–4, paras. 4, 8–12).[1]  In its complaint,
the Plaintiff alleges breach of contract and four alternative theories permitting relief in the
amount of $105,800.22 plus pre-judgment interest, attorney fees, and costs. (*Id.* at 4–7,
paras. 13–28).[2]  Following proper service on July 13, 2025 (docs. 5–7), the Defendants
failed to plead or otherwise defend.  Consequently, on August 29, 2025, the Plaintiff
requested the Clerk of the Court enter default against the Defendants. (Doc. 9).   On

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[2] The other claims for relief are open account (Count II), "Account Stated" (Count III), "Goods Sold and
Delivered" (Count IV), and "Unjust Enrichment" (Count V). (Doc. 1 at 5–7).  Because, as the Plaintiff
acknowledges, these claims seek the same relief on the same facts as the breach-of-contract claim (*see* doc.
11 at 5, para. 14), the Court may dismiss them without prejudice if the breach-of-contract claim succeeds.

September 5, 2025, the Clerk of the Court entered default. (Doc. 10).  The Plaintiff then filed a motion for default judgment. (Doc. 11).

After careful review of the Plaintiff's motion and briefing, and for the reasons that follow, the motion for default judgment against the Defendants is due to be GRANTED.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama.[3] *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "[t]he

---

[3] The forum selection clause of the contract reads: "any action regarding this Agreement and collection of amounts due to Nutrien *may* be brought in any state or federal court with jurisdiction that includes Larimer County, Colorado." (Doc. 1-1 at 4, para. 18 (emphasis added)).  The Court finds this clause permissive rather than mandatory as it "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).

allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[4]  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

Even though a plaintiff may satisfy the pleading requirements, "the Court [still must] determine[] the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  The court may—but is not required to—hold a hearing before entering an award for damages with a default judgment. *See Giovanno*, 804 F.3d at 1366 ("Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case.").  Indeed, "[d]amages may be awarded without an evidentiary hearing 'only if the record adequately reflects the basis for award via . . . a demonstration by detailed affidavits establishing the necessary facts.'" *Robbie's of Key West v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (second alteration in original) (quoting *Adolph Coors Co. v. Movement Against Racism & Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

---

[4] The Court here, and elsewhere in the Opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

## IV. FACTS[5]

On February 23, 2023, the Plaintiff entered into a contract with Defendant Holladay Farms to deliver agricultural goods and services on open account.[6] (Doc. 1 at 3, para. 8). Defendants Jason and Ashley personally and unconditionally guaranteed that contract. (*Id.*; *see also* doc. 1-1 at 5). The contract also required, in the event of default, that the Defendants pay the Plaintiff's "reasonable attorney[] fees, plus all costs and expenses of collection." (Doc. 1 at 4, para. 12). Throughout 2023 and 2024, the Defendants procured goods and services from the Plaintiff on open account. (*Id.* at 4, para. 9).

At the time of filing this action, on May 5, 2025, the Defendants had failed to perform on the contract by paying the Plaintiff $105,800.22 owed on the account— $88,694.37 in principal and $17,105.85 in interest. (*Id.* at 4, para. 11; *see also* doc. 11-2). The Plaintiff properly served the Defendants after their failure to perform. (*See* docs. 4–7). The Defendants did not respond, and on August 29, 2025, the Plaintiff requested the Clerk of the Court enter default against the Defendants. (Doc. 9). On September 5, 2025, the Clerk of the Court entered default. (Doc. 10). The Plaintiff then filed the pending motion for default judgment. (Doc. 11).

---

[5] This recitation of facts is based on the Plaintiff's complaint (doc. 1) and the exhibit attached thereto (*see* doc. 1-1). *Nationstar Mortgage, LLC v. Holliday*, 2023 WL 2777943, at *1 (N.D. Ala. April 4, 2023) ("Attachments to a complaint are 'part of the pleading for all purposes.'") (quoting FED. R. CIV. P. 10(c)). The Court also considers the motion for default judgment and its attachments (docs. 11, 11-1, 11-2). *See Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018).

[6] An "open account" is "an account in which some term of the contract is not settled and remains open for adjustment." *In re Qureshi*, 2023 WL 2904935, at *2 (Bankr. S.D. Ala. Apr. 11, 2023) (citation omitted).

# V.  DISCUSSION

Through the complaint and attached exhibit of the contract and evidence presented with the motion for default judgment, the Plaintiff has shown it is entitled to default judgment and damages.  "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007).  "[T]he court must characterize the legal issue" and "determine[] the choice of law rule that the forum state applies to that particular type of issue." *Id.*  The legal issue in this case is breach of contract.  "In a contractual dispute, Alabama law would have [the Court] first look to the contract to determine whether the parties have specified a particular sovereign's law to govern." *Stovall v. Universal Constr. Co.*, 893 So. 2d 1090, 1102 (Ala. 2004).  Here, the contract indicates "[t]his Agreement will be governed by an interpreted in accordance with the laws of the State of Colorado, without regard to internal principles of conflict of laws." (Doc. 1-1 at 4, para. 18).[7]  Thus, the Court applies Colorado law.

Under Colorado law, it is "axiomatic" that a plaintiff suing for breach of contract must show:  "(1) the existence of a contract, (2) the plaintiff's performance of the contract or justification for nonperformance, (3) the defendant's failure to perform the contract, and (4) the plaintiff's damages as a result of the defendant's failure to perform the contract." *Univ. of Denver v. Doe*, 547 P.3d 1129, 1139 (Colo. 2024) (citing (*W. Distrib. Co. v.*

---

[7] The Plaintiff initially identified Alabama law as applicable. (*See* doc. 11 at 4–5, para. 12).  Upon an order of the Court for further briefing on the applicable law (doc. 15), the Plaintiff addressed Colorado law (*see* doc. 17).

*Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).  The existence of a contract under Colorado law depends on "mutual assent to the terms of the contract and legal consideration for which the parties bargained." *Id.* (citing *Pierce v. St. Vrain Valley Sch. Dist. RE-1J*, 981 P.2d 600, 603 (Colo. 1999); *Marquardt v. Perry,* 200 P.3d 1126, 1129 (Colo. App. 2008)).

The Plaintiff can show each element for the contract at issue.  The Plaintiff attached the agreement—which included several internal statements that it was a contract and was signed by the Defendants (*see* doc. 1-1 at 5)—to the complaint, satisfying the first element. *Cf. Yaekle v. Andrews*, 195 P.3d 1101, 1110 (Colo. 2008) (indicating that a signed agreement "was understood by the parties as a binding and enforceable agreement, as evinced by the document's own provisions and the later representations to the court of both parties").  In the complaint, the Plaintiff claims the Defendants failed to pay what they agreed to in the contract (which the Defendants admit) despite the Plaintiff performing its obligations.  Accordingly, the Plaintiff has satisfied the second and third elements.  Finally, the unpaid balance satisfies the fourth element by demonstrating the Plaintiff was damaged by the Defendants' failure to pay. *Cf. Hassler v. Acct. Brokers of Larimer Cnty., Inc.*, 274 P.3d 547, 550–51 (Colo. 2012) (noting that the damages at issue were the failure to pay principal and interest for a loan).

With the elements of the claim established, the Court examines the evidence presented by the Plaintiff for awarding damages.  Based on the evidence in the record, the Court finds that a hearing is not necessary on damages. *See Giovanno*, 804 F.3d at 1366. In the motion for default judgment, the Plaintiff requests damages in the amounts of $105,800.22 from the Defendant, which are supported by the agreement (*see* doc. 1-1), last

account statement (doc. 11-2 at 13), and Jeff Cochran's (custodian of records for the account) affidavit (*id.* at 1–2, paras. 1–2, 10).  The Court accordingly finds the Plaintiff is entitled to these damages.

The Plaintiff also requests attorney fees in the amount of $5,526.50 and costs in the amount of $845.45. (Doc. 11 at 9, para. 21).  Under Colorado law, "[a]s a general rule, in the absence of any contractual or statutory liability therefor, attorney[] fees and expenses of litigation of a plaintiff's claim are not recoverable . . . either in a contract or a tort action." *Hedgecock v. Stewart Title Guar. Co.,* 676 P.2d 1208, 1211 (Colo. App. 1983).  This general rule does not apply "if the parties agree, in a contract clause known as a fee-shifting provision, that the prevailing party will be entitled to recover its attorney fees and costs." *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 343 P.3d 1044, 1047 (Colo. App. 2014) (citing *In re Estate of Gattis*, 318 P.3d 549, 558 (Colo. App. 2013)); *see also Whiting-Turner v. Guarantee Co. of N. Am. USA*, 440 P.3d 1282, 1291 (Colo. App. 2019) (citing *Powder Horn Constructors, Inc. v. City of Florence*, 754 P.2d 356, 365 (Colo. 1988)).

In this case, the contract contained a fee-shifting provision which specified that the Defendants, in the event of default, agreed to pay reasonable attorney fees and costs for the Plaintiff's recovery of funds. (*See* doc. 1-1 at 3, para. 11).  The Plaintiff has provided evidence of the costs and attorney fees to a sum certain—supported by counsel's detailed affidavit. (*See* Doc. 11-1).  The affidavit contained an accounting that showed the firm spent a total of 26.7 hours between a partner, two associates, and a paralegal, and billed the Plaintiff $5,526.50 to recover over $100,000 flowing from the breach of contract by the

Defendants. (Doc. 11-1 at 3–5, paras. 2–4, 6).[8]  Typically, to estimate reasonable attorney

fees, Colorado courts determine a "lodestar amount," which "represents the number of

hours reasonably expended on the case, multiplied by a reasonable hourly rate." *Payan v.*

*Nash Finch Co.*, 310 P.3d 212 (Colo. App. 2012) (citing *Tallitsch v. Child Support*

*Services, Inc.*, 926 P.2d 143, 147 (Colo. App. 1996)).  However—as the Court does here—

a court may also use a party's requested amount of attorney fees as a starting point. *Cf.*

*Weinstein*, 343 P.3d at 1049–50; *Plan. Partners Int'l, LLC v. QED, Inc.*, 304 P.3d 562,

568–69 (Colo. 2013).  The Court finds the fees requested reasonable when considering,

among other things, the amount of attorney fees compared to the resulting award. *See City*

*of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115–16 (Colo. 1996) (citations omitted).  The

Court accordingly finds the Plaintiff is entitled to these fees and costs.

The Plaintiff also indicated it was seeking "pre-judgment interest" in its complaint.

(*See* doc. 1 at 4–7, paras. 13–28).  However, the Plaintiff failed to request pre-judgment

interest or provide a method for its calculation in its motion for default and instead requests

"*post*-judgment interest at the applicable federal rate." (Doc. 11 at 9 (emphasis added)).[9]

---

[8] The hours spent included those working on a related bankruptcy action filed by Jason and Ashley that was dismissed for cause. (Doc. 85 in *In re Holladay*, Case No. 24-31969 (Bankr. M.D. Ala.); doc. 11-1 at 3, para. 2 n.1)). The Court finds the attorney fees for that action related to collection on the breach of contract and a legitimate consequence of the breach because participation by the Plaintiff was important to retaining its claims to the debt. *See In re Holloway*, 254 B.R. 289 (Bankr. M.D. Ala. 2000), aff'd, 261 B.R. 490 (M.D. Ala. 2001) ("A discharge in bankruptcy relieves the debtor from his personal obligation to pay an indebtedness . . . .").

[9] The Eleventh Circuit has explained that these two kinds of interest are to be treated distinctly:

There is a significant difference between pre- and post-judgment interest. . . . Post-judgment interest can hardly be considered part of an award for compensation on a claim. However, a successful claimant is theoretically entitled to receive the compensation on the date of entry of the judgment; in practice, this is not feasible, and post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day.

Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The fact that the Plaintiff did not address post-judgment interest in its complaint does not bar recovery. *Cf. Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1196 n.18 (11th Cir. 2023) ("We are satisfied that Walker may recover post-judgment interest given that the operative complaint seeks 'interest . . . and such other relief as is just and appropriate' in connection with the relevant breach of contract claim."); (doc. 1 at 5 ("[The Plaintiff] demands judgment against the Defendants . . . and any such other relief as the Court may award."). Accordingly, the Court also awards the Plaintiff post-judgment interest at a rate of 3.67%. 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.").

## VI. CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's motion for default judgment (doc. 11) is GRANTED.

2. Judgment will be entered in the Plaintiff's favor and against the Defendants on Count I.

---

This is effectuated by the federal statute providing interest on all federal court judgments. 28 U.S.C. § 1961. This is to be distinguished from pre-judgment interest, which forms part of the actual amount of a judgment on a claim. *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1533 (11th Cir. 1989).

3. The Plaintiff is awarded damages in the amount of $112,172.17 against the Defendants, jointly and severally.

4. The Plaintiff is awarded post-judgment interest at a rate of 3.67% on the $112,172.17 awarded against the Defendants.

5. Counts II, III, IV, and V are DISMISSED without prejudice as moot.

A final judgment will be entered in accordance with the Court's Order.

The Clerk of the Court is DIRECTED to mail this Memorandum Opinion and Order to the address reflected on the docket for the Defendants.

DONE this 17th day of November, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE